AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 2:21-mj-638 |
| | ) | |
| Zaire D. JONES | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 10, 2021__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2(a) & 922(a)(6) | Aiding and abetting a person to make a false statement or furnish a false document to a licensee in attempt to acquire a firearm or ammunition and the statement was intended or was likely to deceive the licensee with respect to any fact material to the lawfulness of the sale in violation of Title 18, United States Code, Sections 2(a) and 922(a)(6). |

This criminal complaint is based on these facts:

See Attachment A (affidavit), incorporated herein by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*  SA5484

Teresa Petit, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __10-4-21__

City and state: __Columbus, Ohio__

_____
*Judge's signature*

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

AO 91 (Rev. 11/11) Criminal Complaint

## ATTACHMENT A

I, Teresa Petit, being duly sworn, depose and state that:

I have been a Special Agent (SA), with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since May of 2014. I am a graduate of the ATF National Academy Special Agent Basic Training Program and the Federal Law Enforcement Training Center, Criminal Investigator Training Program. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws pertaining to firearms violations. As a Special Agent, I am also authorized to carry firearms, execute warrants, make arrests for offenses against the United States, and perform other such duties as authorized by law.

1. This affidavit is made in support of a criminal complaint against Rebecca ALLARD (DOB: 6/1/1980) and Zaire JONES (11/2/2001). The complaint alleges that ALLARD violated Title 18, United States Code, Section 922(a)(6), by knowingly making a false or fictitious oral or written statement that was intended or likely to deceive a federal firearms licensee (FFL) with respect to any fact material to the lawfulness of the sale or other disposition of a firearm in connection with the acquisition or attempted acquisition of said firearm. The complaint alleges that JONES violated Title 18, United States Code, Section 2(a), by aiding and abetting ALLARD in committing the underlying violation of Section 922(a)(6). The statements in this affidavit are based upon my training and experience, consultation with other experienced investigators and agents, review of related documents, and other sources of information relative to firearms investigations. This affidavit is intended to set forth probable cause in support of the criminal complaint and does not purport to set forth all of my knowledge regarding this investigation. I did not, however, withhold any information or evidence that would negate probable cause.

2. In my training and experience, it is common for individuals who are prohibited from purchasing or possessing a firearm to use a straw purchaser to complete the retail transaction on their behalf or to acquire firearms from other unlicensed individuals. It is also common for straw purchasers to receive a benefit of some type, in this situation, a monetary benefit, to assume the risk of purchasing the firearm. More specifically a "straw" purchase is described as the acquisition of a firearm(s) from a dealer by an individual (the "straw"), done for the purpose of concealing the identity of the true intended recipient or transferee of the firearm(s).

3. On September 10, 2021, ALLARD and JONES traveled together to a central Ohio FFL, located within the Southern District of Ohio. Upon arriving at the FFL, ALLARD and JONES entered the store at different times, looked at firearms, and distanced themselves from interacting while inside the store. Your affiant knows that this behavior is consistent with individuals who are engaging or attempt to engage in a straw purchase. It is also common for the actual buyer of the firearm to accompany the straw purchaser to the FFL to identify or pick out the anticipated firearm.

4. In this situation, the FFL would have been prohibited from conducting the firearm transaction directly with JONES according to Title 18, United States Code, Section 922(b)(1), which states that it shall be unlawful for any licensed dealer to sell to any individual whom the licensee knows or has reasonable cause to believe is less than twenty-one years of age with respect to the sale or disposition of a handgun. At the time of the purchase, JONES was also under indictment in the Franklin County Court of Common Pleas for Improper Handling of a Firearm (Case Number 20-CR-4956), a felony of the fourth degree, which is punishable by more than one year of imprisonment. This indictment was filed in October 2020, and therefore, according to Title 18, United States Code, Section 922(n), would also have prohibited JONES from receipt of any firearm from the FFL on September 10, 2021, if the firearm had been shipped or transported in interstate or foreign commerce.

AO 91 (Rev. 11/11) Criminal Complaint

5. Continuing on September 10, 2021, ALLARD purchased a Century Arms manufactured, Draco model, 7.62 caliber, semi-automatic handgun, bearing serial number 21DF-8664 from the central Ohio FFL. In my training and experience, and in consultation with other experienced ATF agents, I know that Century Arms manufactured Draco handguns are not manufactured in the State of Ohio. Therefore, the firearm must have been shipped or transported in interstate or foreign commerce prior to ALLARD's purchase of it on September 10, 2021.

6. To consummate the sale, ALLARD was required to complete an ATF Firearms Transaction Record, more commonly referred to as ATF Form 4473. In the process, ALLARD attested on the ATF Form 4473 that she was the actual transferee or buyer of the firearm. She also acknowledged the warning on that form that advised as follows: "You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

7. On September 10, 2021, officers from the Columbus Division of Police (CPD) responded to 486 Hanley Street, Columbus, Ohio, with information of shots fired. Upon arriving at 486 Hanley Street, officers recovered nine (9) spent shell casings and three (3) live rounds of 7.62 caliber ammunition. There were no victims located. During the investigation, officers learned from a neighbor that the shots had been fired by JONES. The recovered shell casings and ammunition were submitted to the CPD property room.

8. Between the approximate dates of September 26-28, 2021, investigators learned that ALLARD was provided with a couple hundred dollars for completing the straw purchase. Investigators also learned that the firearm was stored in a residence belonging to the mother of JONES's child. Additionally, investigators learned that JONES admitted to shooting the aforementioned firearm in the immediate area of the shots fired incident that occurred on September 10, 2021.

9. On September 29, 2021, investigators obtained a search warrant from Franklin County Municipal Court, Honorable Judge O'Grady, for the location of 30 North Eureka Avenue, Columbus, Ohio. During the execution of that search warrant, investigators recovered the Draco 7.62 handgun bearing serial number 21DF-8664. This residence located at 30 North Eureka Avenue belongs to the mother of JONES's child. The firearm was submitted to the CPD lab for analysis.

10. On September 30, 2021, ATF received video from the FFL that shows both ALLARD and JONES present during the acquisition of the Draco handgun. Investigators have received the ATF Form 4473, where ALLARD provided false or fictious statements during the acquisition of the firearm that were intended or likely to deceive the FFL. Your affiant has also received the sales receipt for the Draco handgun, indicating it was purchased by ALLARD. The ATF Form 4473 contains ALLARD's identifying information, the documented firearm, and her signature.

11. On October 1, 2021, investigators conducted a query of the National Crime Information Center (NCIC) to determine if the firearm had been reported stolen. There was no record of the serial number located and, therefore, it is believed that the firearm was not reported to be stolen. Investigators also received information after preliminary CPD lab analysis showing that laboratory personnel believe that the spent shell casings recovered at 486 Hanley Street were fired by the same firearm recovered at 30 North Eureka Avenue, because they display the same general characteristics as test fires from that weapon.

12. ALLARD is further described as a female, white, date of birth June 1, 1980, 5'2" tall, 148 pounds, with a last known address of 1102 Burlake Square, Galloway, Ohio 43119. JONES is further described as a male, black, date of birth November 2, 2001, 6'1" tall, 160 pounds, with a last known address of 486 Hanley Street, Apartment B, Columbus, Ohio 43203.

AO 91 (Rev 11/11) Criminal Complaint

13. Based upon the aforementioned information and events, and your affiant's training and experience in dealing with Federal firearms violations, probable cause exists to believe that on or about September 10, 2021, in the Southern District of Ohio, Zaire JONES did aid and abet Rebecca ALLARD in making a false or fictitious oral or written statement(s) during the acquisition or attempted acquisition of a firearm from a federal firearm licensee, and that such statement(s) was intended or likely to deceive such licensee with respect to a material fact as to the lawfulness of the sale of such firearm, in violation of Title 18, United States Code, Section 2(a), for an underlying violation of Title 18, United States Code, Section 922(a)(6).

SA5484

Teresa Petit, ATF Special Agent

Sworn to before me and signed in my presence.

Chelsey M. Vascura

U.S. Magistrate Judge

Date